IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES OF AMERICA**

v.                                    Criminal No. 4:18cr32

**CHARLES A. COOKE**

## OPINION & ORDER

This matter comes before the Court on Defendant Charles A. Cooke ("Defendant's" or "Mr. Cooke's") appeal from Magistrate Judge Miller's finding that he is GUILTY of Count One of a one-count Criminal Information, which charged him with:

> Count One: Brandishing a Firearm, in violation of 18 U.S.C. §§ 7, 13 assimilating Va. Code. § 18.2-282.

Doc. 1 (Information); Doc. 18 (Amended Judgment). For the reasons stated herein, the Court **AFFIRMS** the judgment of the Magistrate Judge.

### I.   BACKGROUND

**A.   Facts[1]**

On the morning of October 14, 2017, Sergeant Tiffany Cooke ("Sgt. Cooke") was at her home located on Fort Eustis at 134C 25th Street. Doc. 20 ("Trial Tr.") at 7-9. At the time, Sgt. Cooke and the defendant, Charles A. Cooke ("Mr. Cooke"), were married, but had recently separated. Trial Tr. 14-15, 25-26. Mr. Cooke was no longer living at the home, but retained a key to the residence. Trial Tr. 25-26. At approximately 1:00 a.m. that morning, Mr. Cooke came to the house and went into Sgt. Cooke's bedroom. Trial Tr. at 9. Sgt. Cooke testified that Mr.

---

[1] The following facts were obtained from the recorded testimony of the Government's sole witness, Sergeant Tiffany Cooke, at the bench trial before Magistrate Judge Miller on April 9, 2018. See Doc. 20.

1

Cooke "wanted to talk...about an incident that occurred that Monday." Id. On cross-examination, Sgt. Cooke indicated that during their conversation, she and Mr. Cooke were arguing, and that their voices were raised slightly. Trial Tr. 16.

After the two talked for a little bit, Sgt. Cooke testified that she felt uncomfortable, so she asked Mr. Cooke to leave. Trial Tr. at 9. When she did so, Sgt. Cooke indicated that Mr. Cooke told her that he was waiting on a ride, so Sgt. Cooke asked him to wait downstairs. Id. Mr. Cooke initially left the room, but then came back upstairs. Id. When Sgt. Cooke asked Mr. Cooke to leave again, Mr. Cooke declined. Id. Sgt. Cooke testified that she got up to go downstairs, and then "[Mr. Cooke] stepped in front of me and asked me where I was going, and then he pulled a gun out and pointed in my face." Trial Tr. 10. When asked how she felt when the Mr. Cooke pointed the gun in her face, Sgt. Cooke testified that she was scared. Id. Sgt. Cooke also stated that Mr. Cooke told her that he would shoot her. Id.

Sgt. Cooke testified that Mr. Cooke put the gun down when six-year-old daughter came and knocked on the door. Id; Trial Tr. 11. When Sgt. Cooke's six-year-old daughter came to the door, Mr. Cooke put the gun away and went downstairs. Trial Tr. 11. After Mr. Cooke went downstairs, Sgt. Cooke testified that she stayed in bed with her daughter and waited "30, 45 minutes" or "20 or 30 minutes" before going downstairs, because she was scared. Trial Tr. 11, 21. On re-direct, Sgt. Cooke described the firearm as a "black and silver...handgun." Trial. Tr. 25.

### B. Procedural History

On January 2, 2018, the Government filed a one count Criminal Information charging Defendant with: Brandishing a Firearm in violation of Title 18, United States Code, Sections 7 &

18, assimilating Code of Virginia Section 18.2-282. Doc. 1. On January 29, 2018, Defendant made his initial appearance before Magistrate Judge Douglass E. Miller. Doc. 4. The Court GRANTED Defendant's request for court-appointed counsel and the matter was continued until March 12, 2018 for trial. Id. On March 12, 2018, Defendant appeared with counsel and requested a continuance. Doc. 10. The Court GRANTED Defendant's request for a continuance, and continued the matter until April 9, 2018. Id.

On April 9, 2018, Defendant consented to a bench trial before Magistrate Judge Miller. Docs. 12, 14. At the close of the Government's evidence, Defendant made a Motion for Judgment of Acquittal, which the Court DENIED. Doc. 12. The parties made closing arguments, and Defendant renewed his Motion for Judgment of Acquittal, and the Court again DENIED Defendant's motion. Id. The Court then found Defendant GUILTY on Count 1, and sentenced defendant to four months jail, a special assessment of $25, and a period of supervised release following imprisonment of twelve months. Doc. 16.

On April 11, 2018, Defendant filed his notice of appeal. Doc. 17. He filed the transcript with this Court on May 11, 2018. Doc. 20. On May 21, 2018, the Court entered a scheduling Order for briefing. Doc. 21. Defendant filed his brief on June 29, 2018. Doc. 22. The Government filed its brief on July 11, 2018. Doc. 23.

## II. LEGAL STANDARD

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402; see also Fed. R. Crim. P. 58(g)(2)(B).

"The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Accordingly, when a defendant challenges the sufficiency of the evidence, the district court must view the evidence "in the light most favorable to the Government." United States v. Bursey, 416 F.3d 301, 306 (4th Cir. 2005) (citing United States v. Pasquantino, 336 F.3d 321, 332 (4th Cir.2003) (en banc)). Findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo. Id. (citing United States v. Leftenant, 341 F.3d 338, 342–43 (4th Cir. 2003)).

Substantial evidence supports the verdict if there is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Tait v. United States, 763 F. Supp. 2d 786, 790 (E.D. Va. 2011). The district court may not overturn a substantially supported verdict based upon a determination that the verdict is unpalatable or that "another, reasonable verdict would be preferable." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). Furthermore, the Court must consider both circumstantial and direct evidence and "allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

### III. ANALYSIS

In order to prove that a person is guilty of brandishing a firearm in violation of 18 U.S.C. §§ 7, 13 assimilating Va. Code § 18.2-282, the Government must prove the following elements beyond a reasonable doubt: (1) that the defendant pointed, held, or brandished a firearm; and (2) that he did so in such a manner as to reasonably induce fear in the mind of another of being shot or

injured. Va. Code Ann. § 18.2-282 (2018); see also United States v. Lee, 316 F. Supp. 2d 355, 363 (E.D. Va. 2004).

The Magistrate Court took into consideration the fact that Sgt. Cooke was "awakened out of her bed at 1:00 in the morning with a husband who she was in the process of divorcing" and inferred that Defendant had no business being at Sgt. Cooke's home at that time for any purpose. Trial Tr. at 38. Based on those facts, the Magistrate Court found Sgt. Cooke's testimony credible; that Sgt. Cooke was awakened, that an argument ensued, and that Defendant pointed a gun in her face, "which any reasonable person at 1:00 in the morning in their home being confronted by someone with a gun and a threat that they were going to shoot them in the head would induce a reasonable fear." Id.

Defendant makes two arguments that the Government failed to sufficiently prove its case beyond reasonable doubt. First, Defendant argues that the Government failed to provide sufficient evidence that Mr. Cooke "pointed, held, or brandished a firearm" beyond reasonable doubt, or that a firearm or Mr. Cooke himself was present the night that the incident occurred. Doc. 22 at 5. In support of his argument, Defendant contends that the Government's only evidence, the testimony of Sgt. Cooke, lacked credibility as it was uncorroborated because the Government failed to produce evidence that the police found the firearm or that anyone besides Sgt. Cooke saw Defendant that night. Id. And, Defendant argues that the Government's witness testified inconstantly regarding material facts of the case. Id at 6.

Second, Defendant argues that the Government produced insufficient evidence to establish the element that Mr. Cooke's act of brandishing a firearm "reasonably induced fear or apprehension of bodily harm in the mind of Sgt. Cooke." Id. In support of this argument,

Defendant points to the fact that Sgt. Cooke waited between 20 and 45 minutes before calling the police or texting for help, even though her cell phone was in her bedroom. Id. Defendant contends that this fact calls Sgt. Cooke's credibility into question. Id.

Additionally, Defendant argues that the Magistrate Court wrongfully relied on the fact that "[Sgt. Cooke] was awakened out of her bed at 1:00 in the morning with a husband who she was in the process of divorcing" when the fact that she "was awakened" was not in evidence. Id.

The Government contends that it met the first element, as Sgt. Cooke identified Defendant in court, successfully testified that he had a weapon, and even went so far as to describe the weapon as a black and silver handgun. Doc. 23 at 5. The Government also avers that second element was met because Sgt. Cooke explained that she waited because she was "scared to go downstairs." Id. The Government further argues that the consistencies pointed out by Defendant are immaterial and ancillary issues. Id. And, the Government maintains that the magistrate judge's reasoning is supported notwithstanding the fact that the magistrate judge believed that Sgt. Cooke was "awakened" because it was supported by the fact that Sgt. Cooke was confronted by defendant with a gun and threatened that he would shoot her in the head. Id. at 6.

The Court **FINDS** that the Magistrate Court's decision is supported by sufficient evidence in the record. The inconsistencies pointed out by Defendant are immaterial and, notwithstanding the fact that the Magistrate Court stated that Sgt. Cooke was awakened, the Magistrate Court based its decision on the credibility of Sgt. Cooke's testimony that Defendant arrived at 1:00 in the morning, pointed a gun in her face, and told her that he would shoot her in the head, which would cause apprehension within any reasonable person.

## IV. CONCLUSION

For the reasons stated above, the Court **AFFIRMS** the judgment of the Magistrate Judge.

The Clerk is **REQUESTED** to send a copy of this Opinion & Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 26, 2018